# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JORDAN TENNESSEE, Jr., CDCR #BC-4511,<br><br>Plaintiff,<br><br>vs.<br><br>F. CAMACHO, Correctional Officer; P. PLASCENCIA, Correctional Sergeant; JOHN/JANE DOES 1–5; JOHN/JANE DOES 6–20,<br><br>Defendants. | Case No.: 25-cv-2027-DMS-GC<br><br>**ORDER:**<br><br>**(1) SCREENING AMENDED COMPLAINT [ECF No. 5];**<br><br>**(2) DISMISSING CLAIMS AND DEFENDANTS UNDER 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1);**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT UPON DEFENDANTS CAMACHO AND PLASCENCIA UNDER 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3);**<br><br>**AND**<br><br>**(4) DENYING MOTIONS TO COMPEL AND TOLL SERVICE [ECF No. 6]** |

Presently before the Court is Plaintiff Anthony Jordan Tennessee, Jr.'s Amended Complaint ("FAC") which requires *sua sponte* screening because he is a prisoner seeking

1

relief from government officials and is proceeding in forma pauperis ("IFP"). (*See* ECF No. 7.) As he did in his original Complaint, Plaintiff alleges two named and various unnamed correctional officials at Richard J. Donovan Correctional Facility in San Diego ("RJD") violated his Eighth and Fourteenth Amendment rights on and after an October 27, 2023 altercation on RJD's A Yard. (*See* FAC 3, 6.) He seeks $500,000 in general and punitive damages and demands a jury trial. (*Id.* at 5.)

For the reasons discussed, the Court finds Plaintiff's FAC alleges plausible Eighth Amendment excessive force claims against Correctional Officer Camacho, Correctional Sergeant Plascencia, and Correctional Officers John/Jane Does 1–5. The Court finds, however, that the FAC fails to allege any plausible claim for relief as to any other Defendant.

Consequently, the Court **DIRECTS** U.S. Marshal service upon Correctional Officer Camacho and Correctional Sergeant Plascencia, defers service upon Correctional Officers John/Jane Does 1–5 until they are identified and substituted as parties by name, and **DISMISSES** without leave to amend all claims alleged against Defendants John/Jane Does 6–20 and the claims for violation of due process, retaliation, and failure to protect. Finally, Plaintiff has filed a motion seeking various forms of additional relief, including motions for discovery, to compel a response, and a "motion to toll service period." (ECF No. 6.) These requests are all **DENIED** without prejudice.

## I.    FACTUAL BACKGROUND

### A.    Allegations in Original Complaint

In his original Complaint, Plaintiff, who indicates he is an enhanced outpatient prisoner ("EOP") at RJD, (*see* ECF No. 3, at 5 n.3 (explaining EOP program is for prisoners with "acute onset or significant decompensation of a serious mental disorder")), alleged that on October 27, 2023, he "needed some air" and felt like the "walls were closing in on [him]," so he exited his housing unit during a medication call, (ECF No. 1, at 3). Officer Burns confronted him, asked him to go back inside, and activated her alarm as other officers arrived. (*Id.*) Defendant Camacho told Plaintiff to "take a seat by the building or

2

stand if [he] needed some air," and Plaintiff complied. "[D]ue to [his] mental health crisis," however, Plaintiff alleges he was "unable to stay in the same position" and "got up." (*Id.*) In response, another alarm was activated, and "more than 20 officers with body cameras" approached. (*Id.*)

Plaintiff alleged Officer Enriquez was "leading the pack," but "calmly direct[ed] the situation," saw that Plaintiff "was not a threat," and "prevented the other officers from implementing their own agendas." (*Id.*) Plaintiff asked the officers "not to circle around because of [his] PTSD and anxiety," but the group of officers surrounded him and ordered him to "cuff up." (*Id.*)

Plaintiff next alleged he saw Sgt. Plasencia "storming from the side," saying "I or we are tired of your shit." (*Id.*) As Plasencia "unholstered her monadnock expandable baton," Plaintiff claims he "immediately" stopped, placed both of his opened hands straight in the air, declared himself "non-violent," and waited for the next "lawful order." (*Id.*) Nevertheless, Plascencia "swung her baton at [Plaintiff's] knees," Plaintiff fell to the ground, and was "hit in the head with a baton from behind." (*Id.*) "Dizzy and daz[]ed," Plaintiff placed both hands on his head and discovered he was "profusely bleeding from [his] forehead." (*Id.*) Plaintiff next claims he laid "down on [his] stomach on the ground" and lost consciousness, only to be awakened by "numerous officers punching and kicking [him] while they jerk[ed] [his] arms behind [his] back." (*Id.* at 8.) Plaintiff avers "at no time was [he] resisting or moving" during the incident, and was sent to an outside hospital where he "received numerous staples in [his] forehead." (*Id.*)

Upon his return to RJD, Plaintiff further claims to have been "retaliated against with a false RVR [Rules Violation Report] for staff assault." (*Id.*) As a result, he "was placed in the lockup RHU [Restricted Housing Unit] for more than a year." (*Id.*) He seeks $500,000 in general and punitive damages against Officer Camacho, Sgt. Plascencia, and "multiple" John and Jane Doe Correctional Officers, alleging they used excessive force, failed to protect, and deprived him of liberty without due process by filing fabricated and retaliatory disciplinary charges against him. (*Id.* at 3, 7.)

B.      Allegations in FAC

The FAC's allegations are substantially the same up to the point where Plaintiff alleges he was on the ground following a baton blow to his head. (*See* FAC 3, 6.) While on the ground, he alleges he observed "at least 3 body cameras on the ground," which he posits is "a tactic officers use to avoid the body cameras recording them when they commit crimes." (*Id.* at 6.) He next alleges that Defendants John/Jane Does 1–20 and the two named Defendants "were complacent in allowing the attack to continue," "fail[ing] to stop the continued attack or document the incident truthfully." (*Id.*) Finally, whereas in the original Complaint Plaintiff alleged he was awakened by "numerous officers punching and kicking [him] while they jerk[ed] [his] arms behind [his] back," (*id.* at 8), in the FAC he alleges that it was "John/Jane Doe #1, John/Jane Doe #2, John/Jane Doe #3, John/Jane Doe #4, John/Jane Doe #5, and [Defendant] Camacho" who were "punching and kicking [him] while they jerked [his] arms behind [his] back" and stated, "stop resisting." (*Id.* at 6.)

Plaintiff's FAC ends after describing Plaintiff's trip to an outside hospital and receipt of "numerous staples in [his] forehead." (*Id.*) The FAC omits prior allegations of due process violations and retaliation.

Based on these amended claims, Plaintiff seeks both compensatory and punitive damages from each Defendant for use of excessive force and failure to protect him from harm in violation of the Eighth Amendment. (*Id.* at 3, 5–6.)

## II.      SCREENING AMENDED COMPLAINT

A.      Standard of Review

Because Plaintiff is a prisoner and proceeding IFP, his FAC requires preliminary screening under 28 U.S.C. § 1915(e)(2) and § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)); *see also Hebrard v. Nofziger*, 90 F.4th 1000, 1006–07 (9th Cir. 2024) (citing *Lopez v. Smith*, 203 F.3d 1122,

4

1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The standard for dismissal for prisoner claims at screening is the 'same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.'" *Long v. Sugai*, 91 F.4th 1331, 1336 (9th Cir. 2024) (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rule of Civil Procedure 8 describes "the information that a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk v. Choy*, 607 U.S. 187, 196 (2026). Thus, Rules 8 and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] "*Iqbal* requires attention to the pleading of both facts and law." *Gibson v. City of Portland*, 165 F.4th 1265, 1287 (9th Cir. 2026). While detailed factual allegations are not needed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.    Discussion**

The Court previously found Plaintiff's original Complaint contained sufficient Eighth Amendment allegations against Defendant Plascencia. Plaintiff's FAC includes

---

[1]    "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Though resolution of a motion to dismiss under Rule 12(b)(6) is normally confined to the allegations stated in the complaint, a court "may also 'consider [1] materials that are submitted with and attached to the complaint'; [2] judicial notice of matters of public record'; and [3] unattached evidence on which the complaint necessarily relies if: [a] the complaint refers to the document; [b] the document is central to the plaintiff's claim; and [c] no party questions the authenticity of the document.'" *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011)).

those same allegations. (ECF No. 3, at 7.) The Court also finds that the FAC states a plausible excessive force claim against Defendants Camacho and John/Jane Does 1–5. *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121, 1123. However, Plaintiff's remaining allegations involving Defendant Camacho and all other unidentified Does fail to state a plausible claim for relief and are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for the reasons explained below. Finally, because Plaintiff does not re-allege the due process or retaliation claims included in his original pleading, those claims may not proceed.

### 1. Eighth Amendment – Excessive Force Claims

Unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). For claims arising out of the use of excessive physical force, the Court considers "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (internal quotation marks omitted) (citing *Hudson*, 503 U.S. at 7).

The FAC now alleges that after Defendant Plascencia used a baton against his knees and he was knocked unconscious by baton blow to his head, he was awakened to Does 1–5 and Defendant Camacho "punching and kicking [him] while they jerked [his] arms behind [his] back" and stated, "stop resisting." (FAC 6.) Plaintiff claims he was not resisting or moving while he was punched and kicked; therefore, his FAC now includes a plausible Eighth Amendment excessive force claim against Defendants Camacho and Does 1–5 as well. (*See id.*); *Iqbal*, 556 U.S. at 678; *Hudson*, 503 U.S. at 7.

### 2. Eighth Amendment – Failure to Protect Claims

As the Court indicated in its first screening order, officers may be held liable under the Eighth Amendment for failing to intercede in situations where excessive force is alleged to have been employed by others, but Plaintiff must include facts sufficient to plausibly show that each individual officer he seeks to hold liable under a failure to protect or intercede theory had the opportunity to do so. (*See* ECF No. 3, at 9 (citing *Hughes v.*

*Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022); *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000)).) Nevertheless, the FAC generically alleges that all John/Jane Does and Defendants Camacho and Plascencia "were complacent in allowing the attack to continue." (FAC 6.) And the FAC states that "after the blow to [Plaintiff's] head," all Defendants "failed to stop the continued attack or document the incident truthfully." (*Id.*) Lacking as it does specific facts about what opportunity each defendant had to intercede, the FAC's failure-to-protect claim simply "lump[s]" all Defendants "together in a single, broad allegation" without "stating with any specificity how each private defendant allegedly deprived [plaintiff] of a right secured by the Constitution." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1070–71 (N.D. Cal. 1988) (dismissing complaint for failure to state a claim).

For these reasons, the Court finds Plaintiff's FAC still fails to state any plausible Eighth Amendment failure to protect claim and dismisses those claims as to all Defendants *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Due Process and Retaliation Claims

Plaintiff's original Fourteenth Amendment due process and retaliation claims were previously dismissed based on his failure to state any plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (*See* ECF No. 3, at 10–12.) The Court granted Plaintiff leave to amend these claims but cautioned that his failure to address and re-allege them in her amended pleading would result in waiver. (*Id.* at 12–14 (citing S.D. Cal. CivLR 15.1 ("Every pleading to which an amendment is permitted as a matter of right or has been allowed by court order, must be complete in itself without reference to the superseded pleading.")); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

Plaintiff's FAC contains no due process or retaliation claims for relief, and he omits reference to any constitutional violation other than one under the Eighth Amendment related to Defendants' alleged use of excessive force against him on October 27, 2023. (*See* FAC 3, 6.) Therefore, the Court deems the remainder of Plaintiff's previously alleged bases

7

for relief as waived. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived if not repled").

4.   Summary & Service upon Defendants Plascencia and Camacho

Accordingly, for the reasons discussed, the Court finds only Plaintiff's Eighth Amendment excessive force claims as alleged against Defendants Plascencia, Camacho and John/Jane Does 1–5 are sufficient to proceed past initial screening. While Plaintiff must first amend to substitute the true names of each John/Jane Doe before his excessive force claims against them may proceed, it will order the U.S. Marshal to effect service of process upon *named* Defendants Plascencia and Camacho at this time.[2] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III.   MOTIONS FOR DISCOVERY, TO COMPEL & TOLL SERVICE

---

[2]   While the Court finds Plaintiff's Eighth Amendment excessive force allegations involving Does 1–5 are sufficiently pleaded to survive screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), *see Wilhelm*, 680 F.3d at 1123, Plaintiff must first identify these persons, submit an amended pleading, and/or file a motion to substitute those Does' true names, *and* request U.S. Marshal service upon them as required by Federal Rule of Civil Procedure 4 before any claims alleged against any of Does 1–5 may proceed. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Doe pleading generally disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most cases it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant"). However, where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify unknown Does, unless it is clear that discovery would not uncover their identities, or her pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Finally, Plaintiff has also filed a motion seeking various forms of additional relief, including a request to commence discovery, compel a response, and a "motion to toll service period." (*See* ECF No. 6, at 1.) First, because this Order directs the U.S. Marshal to effectuate service, the motions to compel a response and toll service are **DENIED** as moot.

Second, Plaintiff's motion to compel discovery is **DENIED** without prejudice as premature. The Court will not entertain discovery motions until the named Defendants have been served, have answered the FAC, and a scheduling order has issued. *See* S.D. Cal. CivLR 26.1, 33.1.c, 36.1.c; *see also Black v. Nevin*, 2011 WL 13854 at *3 (D. Nev. 2011) (denying pro se prisoner's motion to compel discovery as premature, in part because defendants had yet to be served and the Court had yet to "issue[] a scheduling order allowing discovery to commence").

## IV.    CONCLUSION

Accordingly, for all the reasons explained, the Court:

1.    **DISMISSES** Plaintiff's due process, retaliation, and Eighth Amendment failure to protect claims as to all Defendants and **DIRECTS** the Clerk of the Court to terminate John/Jane Does 6–20 as parties to this matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

2.    **DENIES** Plaintiff's motion to compel response and toll service as moot and **DENIES** without prejudice his motion to compel discovery on the ground that it is premature (ECF No. 6);

3.    **DIRECTS** the Clerk to issue a summons upon Defendant F. CAMACHO, Correctional Officer, and Defendant P. PLASCENCIA, Correctional Sergeant, and forward it to Plaintiff along with two blank U.S. Marshal Form 285s. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, its prior Order Granting IFP (ECF No. 3), certified copies of his Amended Complaint (ECF No. 5), and the summons so that he may serve these two named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, include an address

where each named Defendant may be found and/or subject to service, and return them to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.

4.      **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Amended Complaint and summons upon Defendants CAMACHO and PLASCENCIA at the addresses provided by Plaintiff on the USM Form 285s, and to file executed waivers of personal service upon these Defendants with the Clerk of Court as soon as possible after their return. Should Defendants fail to return the U.S. Marshal's requests for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Returns with the Clerk of Court, include the date the summons, Amended Complaint, and requests for waiver were mailed to each Defendant, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if either of these Defendants is located within the United States and fails without good cause to sign and return the waivers requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

5.      **ORDERS** Defendants CAMACHO and PLASCENCIA, once served, to reply to the claims found sufficient to survive screening in Plaintiff's Amended Complaint, *and any subsequent pleading Plaintiff may file in this matter naming them as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond);

6.      **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants'

counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document she seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: June 29, 2026

Hon. Dana M. Sabraw
United States District Judge

11

25-cv-2027-DMS-GC